Good morning. May it please the court, my name is Josh Cohen from the Federal Public Defender's Office. I represent the appellant Juan Espinoza-Cano in this matter. I would like to reserve two minutes for rebuttal. The primary issue before the court this morning is whether the district court can review the government's failure to file a motion for the third point for acceptance of responsibility under Section 3E1.1b of the sentencing guidelines when the defendant has satisfied the criteria that are listed in that section. Here, the district court believed that it could not undertake that review. We respectfully submit that it could have, and we seek remand so that the court can undertake the appropriate review. What I think is clear from the record is that Mr. Espinoza-Cano did meet the criteria that are listed in Section 3E1.1b. He notified the government of his intention to plead in a timely manner. In fact, he did so immediately following the denial of his motion to dismiss. He enabled the government to avoid preparing for trial by stipulating to every fact that was necessary to support his conviction. Well, okay, first you have the issue of he did essentially a slow plea, as it were, in Doesn't the PROTECT Act make an additional level of reduction in your client's offense level subject to the discretion of the government? Certainly, Your Honor. By virtue of the PROTECT Act, there is now a motion from the government that is required before the third point can be awarded for acceptance. The question is whether the failure to do so, to make that motion by the government, is reviewable. I hope that the court has received my 28J letter regarding the Tenth Circuit's recent decision in United States v. Moreno-Trevino. That court, and it makes reference to an Eighth Circuit decision called Smith, have considered precisely this issue and have determined that it is reviewable to the same extent as the government's failure to file a motion under 5K1.1. And they refer to the Supreme Court's decision in Wade which said that that determination is, in fact, reviewable if there was an unconstitutional motive for the failure to file that motion or if it was not rationally related to a legitimate governmental end. Counsel, what evidence is there in the record that there was an unconstitutional motive in governing the government's decision not to recommend the third point? And if it be your argument that there's no unconstitutional motive but that there was an arbitrary decision being made, which I think you've indicated in your brief, where is the evidence of arbitrariness? Well, Your Honor, I think there's two answers to that question. Number one, I agree that there isn't evidence in the record, and I think that's because the district court did not believe it could undertake the review at all. And so I think it would be appropriate to develop that record below. What I would indicate to the court is that what we know now based on what's before this Court is that the government's position is its rationale for refusing to file was an interest it believes it has in discouraging appeals. And we would submit that that is... What evidence is there that the government is taking an active role in discouraging appeals by depriving otherwise eligible defendants of the third point of acceptance? The position that the government took in this particular case is that the motion to dismiss that was filed by Mr. Espinoza-Cano was lacking in merit, even though... Well, client wanted to retain certain rights with the plea, and the government said if you want to take early acceptance, that's it. It's going to be over. It's done, and we'll go that way, right? And you just couldn't reach an agreement. Your client wanted to retain a right to appeal the motion to dismiss, correct? There certainly was a meeting of the minds about whether he was willing to plead guilty. He certainly indicated immediately and repeatedly that he was willing to accept responsibility and, in fact, had done so the first moment an INS agent contacted him in custody. What Your Honor is suggesting is that, yes, we did not agree to a conditional plea. The defendant did wish to appeal his motion. The government said, we're not going to agree to let you appeal your motion because we believe it does not have merit. Now, of course, one of the issues that we had raised in the motion to dismiss was an issue under Navarro-Vargas, the case that was being argued en banc before this Court as to the appropriateness of the grand jury instructions pursuant to which Mr. Espinoza-Cano's grand jury was instructed. That ultimately was a six-to-five en banc decision. So you lost, right? Absolutely. And that's the reason, Your Honor, that issue was not going to appeal. I've lost six-to-five, too, so. And we've not appealed it. I simply mean to suggest that these issues did have some merit. They were live issues. And for the government to say, well, it's our determination whether we think an appeal has merit or not would perhaps be an inappropriate determination for the government, the executive branch, to make rather than the court of appeals. But even if this Court were to say, well, it's okay for the government to make that kind of a determination as to what is and is not a meritorious appeal, the question then becomes, is denying the third point for acceptance rationally related to that end? And we would submit that it is not. And there's a couple of reasons for that. One of them is practical. At the point at which the government is deciding whether to file or not to file that motion for a third point, they have no idea whether a defendant is going to appeal or is not going to appeal. It's putting the cart before the horse in that regard. But I think the more important argument is a structural one and a legal one, and that is that whether the government wants to discourage appeals, they can withhold their consent to that, excuse me, they can withhold their consent to a conditional plea, but it does not follow from that that they can also refuse to make a motion for the third point for acceptance when all of the criteria for acceptance have been met by the defendant. And that basically, I think, is what Marina was saying. Well, but I think I could make, you know, it falls into the category you can't have your cake and eat it. And that, but I think I could also make the same argument, well, I really wanted to plead early, but I couldn't get the numbers that I wanted, so I had to go to trial and now later then I say, well, you know, I did want to plead then, but they wouldn't give me the numbers, so now even though you made me go to trial, shouldn't I be able to get the benefit that I should have, because I said early on, I want to plead if you'll give me a certain amount of time. Well, Your Honor refers to having one's cake and eating it, too, and I think that that's an apt analogy, because perhaps if Mr. Espinoza-Cano had gone to trial, if the government had, in fact, had been put to its burden of preparing for trial, summoning witnesses, putting on a case, perhaps then he would not be in a position to claim entitlement to that third point. Then it would be directly analogous to the situation Your Honor just described. But here, he didn't do that. He stipulated immediately to every single fact that was necessary to support his conviction. The trial, so to speak, lasted less time than a standard change of plea, and so the government is trying to have its cake and eat it, too, by preventing the defendant or trying to prevent the defendant from appealing or discouraging him from appealing, and also saving all of the resources that would be required to prepare for trial. Didn't the PROTECT Act, though, counsel, change the landscape for the analysis here? Under the old pre-PROTECT Act, as long as the defendant admitted all of the elements of an offense, then the defendant was in a position to argue for that third point of acceptance. Now, after the PROTECT Act, the standard is different. The defendant has to timely advise the government of an intent to plea guilty. It doesn't say a conditional plea of guilty and a slow plea with the bench trial, but it says a conditional plea of guilty, and that's statutory at this point. So haven't things changed? I don't think so, Your Honor, because in this case, he did actually notify the government in a timely manner of his intention to plead. The government said, I'm not going to let you plead, but he did satisfy the requirement that he timely notify the government of his intention. I also would submit that the fact that the PROTECT Act was passed does not overrule this Court's prior precedents that hold that under certain circumstances it is mandatory that the point be awarded, and I think that actually distinguishes Moreno, Trevino and Smith, the Eighth Circuit and the Tenth Circuit decisions, and makes it even more compelling in this circuit that when a defendant has satisfied those particular criteria, that the district court is then entitled to review the failure of the government to move for that third point. Do you want to save the balance of your time? Thank you. Good morning, and may it please the Court. My name is Rob Rees, and I'm representing the government in this appeal. There are three actual contentions on appeal, but it looks as if the third contention involving the third point is the matter that is of most interest to the appellant and perhaps this panel. So I'll start there. I would like to respond to some of the appellant's contentions. First, his suggestion is that the government was attempting to prevent an appeal or try to stop appeals from happening. I think the record is clear that that's not what occurred here. In fact, by consenting to a bench trial and consenting to a stipulated facts bench trial, which the government need not do, the government was helping the defendant to get his two points for acceptance of responsibility and to expedite an appeal, since it was relatively standard legal issues that the defendant was concerned about. Why didn't the government consent to the three-point reduction? Well, in this case, I think that the plain terms of the since-amended PROTECT Act make clear that there could be no third point. I think Villa Senor Cesar, well, because there was a trial, and it may have been a stipulated facts bench trial. The defendant says, I wanted to plead guilty, and they wouldn't let me plead guilty. Well, I guess I would dispute that as well, Your Honor. There's nothing that the United States can do to prevent a defendant from pleading guilty. Now, it's true that there is precedent that suggests that some of these claims, if not all of them, in his motion to dismiss would have been extinguished by that. But the government cannot stop a defendant from pleading guilty and getting all his three points. And second, I think Judge Callahan pointed out something that's important here, is that relying on the fact that the defendant may have made an offer of a conditional guilty plea is an inquiry really that ought to be irrelevant in these circumstances for a couple reasons. First, the nature of the conditions that the defendant wants and the kinds of appeals they want to bring, the government should play an active role in that. I think it would be very odd for the United States to consent to a guilty plea, a conditional guilty plea, on a ground that it would later ask this Court to dismiss as not presenting a substantial distinction from a prior case. Similarly, if there is something like the Navarro-Vargas issue that would be cured by trial itself, as grand jury instructional errors are, why is it in the government's interest to do a conditional guilty plea when there's already favorable precedent for the government and when the trial would have cured any defects in that respect? And second, as Judge Callahan said, there's a lot of moving parts to a guilty plea. And the conditions of whether there should be an appeal or not is just one small aspect of that. The sentences, the types of waivers the defendant is willing to do, the types of charges even that the government is going to agree to drop or to bring, those are all parts of a plea agreement and that is what it should be, an agreement. In this case, you can see that the parties were awfully far apart in the sentencing memoranda. The government was asking for 37 months, the defendant was asking for 12. So I think that the simple fact that there's this allegation that there was a conditional guilty plea offered, which in fact there's no dispute that there was, that's the barest and the thinnest of records. And to develop that. To have consented to that, you would have eroded your position in the appeal the defendant wanted to take? Well, that may be one consideration. Another consideration may also be that, and I think Villaseñor, Cesar and other Ninth Circuit cases recognize this, that there is incentives to defendants and the government should be able to offer them to plead early and accept responsibility. I guess, is there anything wrong in saying, hey, I want this over, I don't want to spend any more resources on what I think would be a waste of the public's time. And so, I'm willing to take a little less on behalf of the government with the idea that this will be over, done, final, finito. Well, I think that's exactly right. I mean, is that a constitutional problem? I mean, if, let's just say that, you know, you do want to discourage appeals that you think are frivolous and you want to use the government's resources in the best possible way and you're willing to cut a little bit off the sentence to get that. Is that wrong? I'm not sure that it is, Your Honor. And I would also say, I think if the express purpose was we just want to discourage appeals, we don't want people making appeals at all, maybe there might be some problem with that in a general sense, but as I said before, there's so many moving parts to it. Of course, one aspect is going to be the amount of work that is going to go into any plea agreement that's done, but there's so many other aspects that go into it. Do you see the prospect of this argument extending into other areas? For example, losing a pretrial motion, a motion to suppress evidence or a statement, and then wanting to conditionally plead guilty, admitting the elements of the offense, but insisting on the third point of acceptance? Well, I think one reason why the PROTECT Act makes the question of whether the third point should be awarded in the discretion of the United States is because there are an infinite number of differences that can happen in every given case. The facts are always different, always changing. There's different types of motions that might have different value on appeal, different interests for the government. And so, in any given case, it's really up to the government to decide how much work they've done. And that's really what this third point is all about, is what kind of resources have they spent at the time that a plea agreement of some kind is reached. And certainly, if a defendant has gone to actual trial, even a stipulated facts bench trial, as was happened in Villa Senor Cesar, and here, there has been no guilty plea. And so, the plain language of the third point hasn't been met. I know we're keying on this issue of the third point of acceptance of responsibility. If I can get to another issue for just a moment, that dealing with the prior aggravated felony conviction in this case, I think both sides agree that Taylor modified categorical approaches is one that should be followed because of the breadth of the grand theft statute, California Penal Code Section 484. Yes, Your Honor. I think that the Ninth Circuit is clear that 484 grand theft is overbroad, but I think it's very limited in its overbreadth. I think basically, it allows the theft of labor and solicitation of labor, which the The police report in this case was attached to the complaint, and at the time of the plea colloquy in state court, there was a stipulation allowing the court to refer to the police report for a factual basis. How would you distinguish the holding of Shepard from what happened in this case? Well, I think it is different from Shepard for a main important reason, which is in Shepard, the police reports that the United States attempted to introduce into evidence were not attached to anything else or not incorporated to any charging documents or anything else like that that would have a material difference on the actual sentence or the actual guilty plea that was entered. According to Ninth Circuit law, a person who pleads guilty to a charging document necessarily admits everything in that charging document. Now in this case, the charging document included those police reports, and again, Ninth Circuit precedent also says that incorporation by reference makes documents attached to complaints part of the complaint. It's all the same document. So here, it was the complaint itself that was pleaded guilty to, and again, the defendant did have a remedy against that. If he didn't agree with the things that were stated in those police reports, he could have demanded another charging document. Well, do you need the police report? Not in this case, Your Honor. I don't believe we do. I think the face of the complaint clearly states that he did unlawfully take merchandise. Now the defendant in his reply brief after Vidal suggests that the unlawfully may not be enough, but there's no suggestion that the mens rea required by California law is overbrought in any way. In fact, since the mens rea is depriving somebody of property, it probably would be a due process. Specifically, to dispel the aiding and abetting concern, do you need something more than the categorical approach? Do you have to get into the modified categorical approach? Well, I think, Your Honor, yes, the modified categorical approach must be used because of California's issue with allowing the theft of labor. So categorically, we can't say just because he pled guilty to this crime. So you need to rely on the modified categorical approach, and can you do that without using the police report? Yes. Yes. The face of the complaint itself says that Espinosa Cano did unlawfully take merchandise over $400 from Albertsons. That's the actus reus. Where's the mens rea? Well, the mens rea, again, unlawfully took. And there's no suggestion that Corona Sanchez or any other Ninth Circuit case that the mens rea aspect of California grand theft is broader than federal mens rea. And again, I would suggest that since mens rea is really one of the most constitutionally, I guess, important issues of any crime, I think that if California were prosecuting people who didn't have the intent to actually take something unlawfully that they didn't have possession over, there would probably be due process problems with that. So I don't think there's any suggestion that California's mens rea element is any broader than... Well, I'm going to ask also to your colleague, counsel on the other side on this, that is it really when you incorporate it by reference and say you make it a factual basis for the case, is it really a police report anymore in the sense of how a police report is described in other things? Because let's just say that you read everything from the police report and said this is a factual basis. And the other side agrees that's a factual basis and it's stipulated to be entered. Does it fall in the same category as when they're describing using police reports in the other context? Well, Judge Gallagher, I think you make a very good point that it is indeed a police report. That's what it says on the top. Right. But when you incorporate it by reference, it is the complaint. And that's part of the point that the United States was trying to make, that without the factual basis, that complaint would not establish probable cause for a violation, which complaints are required to do. So the complaint can't exist on its own without those police reports that are appended. If I may add one final thing on the third point, I would just note that if there's a case where there would be an opportunity for a harmless error in sentencing, I think this would be it. I would note that the defendant expressly asked the district court to award this third point under Booker discretion. And the court could have, right? The court could have and did not. And I think that that also goes to the factual issue of whether the court thought that there was anything untoward about what the government was doing in this case by not making the motion for the third point. Thank you. With that, I'll submit. Thank you, Your Honor. Counsel, can you respond to our police report question? Yes, Your Honor. My response to that issue would be that a police report incorporated by reference is still a police report. Well, but they're knowing that. When that's going on and the time that there's the, that, why didn't counsel object? Why didn't counsel object in the state court to the fact that that was being, at that point, Your Honor, the issue of the modified categorical approach was certainly not before the state court. The judge there and the attorney who was representing Mr. Espinoza-Cano was content at that point to plead to the complaint. He didn't think that. But they incorporated and essentially made it the factual basis for the plea, right? The factual basis for the plea, it was a, he stipulated that there was a factual basis for the plea. We do not know exactly what that factual basis was. And the question now down the road is can you make reference to a police report under the modified categorical approach? You have to, as Judge Thompson pointed out, in order to make the ultimate determination. That's exactly what Shepard was addressing. But in those other cases, is the police report attached to the complaint that the person's pleading to? I don't think so. That was not the case in Shepard, Your Honor. But I don't think it changes the fact that it requires reference to a police report. If I could just respond briefly to the third point question. What the district court judge was doing in this case was trying to follow this court's instructions, apply the sentencing guidelines, and then determine whether any departures or another sentence was appropriate. The court was inclined to follow a guideline sentence. That is why it is critical to answer the question of whether the court had the discretion to consider whether the failure to file a third point was appropriate. Because that does directly affect the guideline calculation whether two or three points was appropriate, and ultimately affects the bottom line of Mr. Espinoza-Cano's sentence. It is the fact that there was no record that was developed below as to what the government's reasons were that I think makes it appropriate for this Court to remand for further proceeding. All right. Thank you both for your argument. This matter will now stand submitted.
judges: Thompson, Callahan, Miller